**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 23-CR-30047-SPM** |
| **CERMEN L. TONEY,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion to Suppress Evidence filed by Defendant Cermen L. Toney. (Doc. 32). The United States filed a Response. (Doc. 34). For the reasons set forth below, the Motion is **DENIED**.

### FACTUAL & PROCEDURAL BACKGROUND

In April 2023, a grand jury returned a one-count indictment against Toney that charged him with being a felon in possession of a firearm in violation of 28 U.S.C. § 922(g)(1). (Doc. 1). Toney filed a motion to suppress evidence and statements derived from a traffic stop on March 22, 2023. (Doc. 32). Toney argues that, because of the "sea change in marijuana legalization" leading to division in the Illinois appellate courts and two cases currently under review by the Illinois Supreme Court, law enforcement officers did not have probable cause to search his vehicle based on the odor of marijuana. (*Id.*, pp. 1–2). The Government argues that the traffic stop was reasonable and that the search of Toney's vehicle was lawful under both federal and state law. (*See* Doc. 34, pp. 5–9).

On March 22, 2023, Sgt. Menke (of the Illinois State Police's Public Safety Enforcement Group) stopped Toney's vehicle because it had unlawful tinted windows and failed to use a turn signal. (*See* Doc. 32, p. 2). Sgt. Menke states that he smelled "a strong odor of burnt cannabis and could see a green leafy substance believed to be cannabis scattered on Toney's shirt" when he advised Toney of the stop and asked for his driver's license. (*Id.* (citing Sgt. Menke Narrative at 1)). Sgt. Menke asked Toney "if he had smoked cannabis or had cannabis in the vehicle and he admitted he had smoked in the car earlier and it was possible there was a little amount of cannabis still left in the car." (*Id.* (citing Sgt. Menke Narrative at 1)). Sgt. Menke requested for Toney to exit the vehicle and a probable cause search was conducted, yielding a black plastic bag containing ammunition and a purchase receipt for the same. (*Id.*).

The next day, ATF Agent Tim Jones obtained surveillance footage from Triple Threat Armory showing Toney purchasing the ammunition seized. (*See* Doc. 34, p. 4, Ex. 3, 4). Toney voluntarily responded to the East St. Louis Police Department's request for an interview on March 29, 2023 and, after waiving his Miranda rights, admitted (1) that there was cannabis on his shirt from smoking earlier; (2) that the ammunition was his; and (3) that he was aware that, as a felon, that he was not permitted to have firearms or ammunition. (*See id.*, p. 5). Toney was subsequently charged with being a felon in possession of a firearm in a one-count indictment issued on April 18, 2023. (*Id.*, pp. 2–3; *see* Doc. 1).

## LEGAL STANDARD

A motion to suppress seeks to exclude evidence obtained in violation of a defendant's constitutional rights. The Fourth Amendment provides "the right of the

people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. CONST. amend. IV. The Supreme Court has explained that "[i]n order to effectuate the Fourth Amendment's guarantee of freedom from unreasonable searches and seizures, this Court long ago conferred upon defendants in federal prosecutions the right, upon motion and proof, to have excluded from trial evidence which had been secured by means of an unlawful search and seizure." *Simmons v. United States*, 390 U.S. 377, 389 (1968). The Fourth Amendment generally prohibits the warrantless entry of a person's home or hotel room to search for specific objects. *See Illinois v. Rodriguez,* 497 U.S. 177, 181 (1990). However, this prohibition does not apply to situations in which voluntary consent has been obtained from the individual whose property is to be searched. *Id.* Put another way, warrantless searches are permissible if the police received voluntary consent to search. *See U.S. v. Hicks,* 650 F.3d 1058, 1064 (7th Cir. 2011).

Regarding the suppression of statements, to protect an individual's right against self-incrimination, a suspect must be advised of certain rights prior to being subjected to custodial interrogation. *See Miranda v. Arizona,* 384 U.S. 436, 444 (1966).

## ANALYSIS

In his Motion to Suppress, Toney argues that the search of his vehicle violated the Fourth Amendment because Sgt. Menke and the law enforcement officers present did not have probable cause to search his vehicle. His argument is that the "new paradigm of legalization" of marijuana and cannabis has caused some Illinois state courts to determine that the odor of marijuana alone is insufficient probable cause

for an automobile search. (*See* Doc. 32, p. 5–7 (citing *People v. Stribling*, 2022 IL App. (3d) 210098, ¶4; *People v. Redmond*, 2022 IL App. (3d) 210524; *People v. Molina*, 2022 IL App. (4th) 220152, ¶¶40–44)). Toney points to 10 ILL. COMP. STAT. 705/10-10 which permits legal possession of 30 grams of cannabis so long as it is in a sealed container and not accessible while the vehicle is in motion and prohibits smoking cannabis within two hours or driving, while driving, or with a specific blood concentration of THC. *See id.*

However, Toney admits that the Seventh Circuit has stated that the odor of marijuana *is* sufficient probable cause for a traffic stop (*id.*, p. 7 (citing *United States v. Kizart*, 967 F.3d 693 (7th Cir. 2020); *United States v. Franklin*, 547 F.3d 726, 733 (7th Cir. 2008); *United States v. Shaffers*, 22 F.4th 655, 659 (7th Cir. 2022))) and that the only other District Court in Illinois who mentioned it did not rule on it, as the stop was found constitutional on other grounds. (*See id.* (citing *United States v. Erving*, 2023 WL 3059139, *1 (C.D. Ill. Apr. 24, 2023))). Toney also points to two cases from District Courts in California that stated that the odor of marijuana is insufficient probable cause for a search. (*See id.*, p. 8 (citing *United States v. Jones*, 438 F.Supp.3d 1039 (N.D. Cal. 2020); *United States v. Maffei*, 417 F.Supp.3d 1212 (N.D. Cal. 2019))). Toney argues that, under the totality of the circumstances, Sgt. Menke lacked probable cause because Toney did not move "to remove any excess debris from his sweater" and because he was not driving while impaired. (*See id.*, pp. 9–10). Finally, Toney argues that Sgt. Menke was not "operating in a federal capacity" and that cannabis is legal under Illinois law. (*Id.*, p. 10).

The Government emphasizes that Toney admits that Seventh Circuit caselaw

indicates that the odor of marijuana is sufficient probable cause to permit the search of a vehicle. (*See* Doc. 34, p. 6 (citing *United States v. Wimbush*, 337 F.3d 947, 951 (7th Cir. 2003); *Franklin*, 547 F.3d at 733; *Long v. United States*, 847 F.3d 916, 921 (7th Cir. 2017))). Moreover, they argue that, because Illinois law specifically states that the secured container of marijuana must be "odor-proof," Sgt. Menke had probable cause to search the vehicle based on the odor of marijuana alone. (*See id.* (citing 625 ILL. COMP. STAT. 5/11-502.15)). They dismiss Toney's argument as "comical" that the cannabis debris on his sweater was not actually present because he did not move to shake it off. (*Id.*, p. 7).

The Government also argues that neither the Illinois Supreme Court nor any Illinois appellate court has held that the presence of unburned, loose cannabis is *insufficient* probable cause. (*See id.* (citing *People v. Hill*, 2020 IL 124595; *People v. Hall*, 2023 IL. App. (4th) 220209; *Stribling*, 2022 IL. App. (3d) 210098, ¶ 4)). They also argue that *Stribling* is distinguishable, as the court ruled that the smell of burnt cannabis *combined* with the defendant stating that he had smoked "a long time" ago without anything else was not sufficient. (*See id.* (quoting *Stribling*)). The Government also argues that Illinois does not permit unrestricted marijuana use and that "federal standards govern the admissibility of evidence." (*Id.*, pp. 8–9 (quoting *United States v. Mealy*, 851 F.2d 890, 907 (7th Cir. 1988))).

The Fourth Amendment to the Constitution provides that:

The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

U.S. CONST. Amend. IV. "Searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967). Under the automobile exception to the warrant requirement, police may conduct a warrantless search of an automobile if they have probable cause to believe the vehicle contains evidence of criminal activity. *United States v. Edwards*, 769 F.3d 509, 514 (7th Cir. 2014). "Probable cause to search exists where, based on the known facts and circumstances, a reasonably prudent person would believe that contraband or evidence of a crime will be found in the place to be searched." *United States v. Williams*, 627 F.3d 247, 251 (7th Cir. 2010). The search may extend to "any area of the vehicle in which the evidence might be found." *Arizona v. Gant*, 556 U.S. 332, 347 (2009).

Here, the facts known to Sgt. Menke supported a search of the vehicle. He smelled the odor of burnt cannabis and spotted a green leafy substance believed to be cannabis on Toney's sweater. (*See* Doc. 32, p. 2); *see Kizart*, 967 F.3d at 695 (holding that there was probable cause to search vehicle when officer smelled cannabis). Toney both stated that he smoked marijuana in the car earlier and that there may be a small amount of marijuana left in the car. (*See id.*).

First, Toney's citation of the Illinois Appellate Court cases, the Central District of Illinois case, and the District Court cases from California are unavailing. (*See* Doc. 32, pp. 5–8 (citations omitted)). As the Government notes, the California laws relating to marijuana are worded more permissively than Illinois's law, making cases interpreting those laws prima facie distinguishable. *Compare* Cal. Health & Safety

Code § 11362.1(c) *with* 625 Ill. COMP. STAT. 5/11-502.15; *see United States v. Jones*, 438 F.Supp.3d 1039 (N.D. Cal. 2020); *United States v. Maffei*, 417 F.Supp.3d 1212 (N.D. Cal. 2019). The Illinois Appellate Court cases Toney cites relate to odor *alone*, not to the presence of unsecured cannabis. *See Hill*, 2020 IL 124595; *Hall*, 2023 IL. App. (4th) 220209; *Stribling*, 2022 IL. App. (3d) 210098, ¶ 4)). Additionally, the Central District of Illinois case dodged the issue entirely and ruled on separate constitutional grounds. *See United States v. Erving*, 2023 WL 3059139, *3 (C.D. Ill. 2023) ("The Court asked the parties at argument what relevance, if any, it has that cannabis remains illegal as a matter of federal law. The Defendant argued that because Lieutenant Barisch was a local police officer empowered to investigate state and local laws, not federal, and therefore the federal criminalization of cannabis should not play a role in our analysis. The United States stated that it was not certain what effect it should have, but that the search was still justifiable under Illinois law as well as local ordinances prohibiting smoking cannabis in the park. Ultimately, the Court need not resolve this foggy issue as we find the stop constitutional under *Long*." (citing *Michigan v. Long*, 463 U.S. 1032 (1983)).

Contrary to Toney's arguments, while a person in Illinois may legally possess 30 grams of cannabis, it must be in an odor-proof container that is inaccessible. *See* 625 ILL. COMP. STAT. 5/11-502.15. Thus, even if the odor of marijuana were insufficient (and it is not under Seventh Circuit caselaw), the presence of alleged cannabis on Toney's sweater was sufficient probable cause for a search of his vehicle pursuant to the automobile exception. *See id.*; *see also United States v. Mosby*, 541 F.3d 764, 768 (7th Cir. 2020) (officer's smelling of marijuana as he stood next to

vehicle was enough to give rise to probable cause to search entire vehicle, including a garbage bag). Toney's argument thus hinges on his hypothesis that, if marijuana were present on his sweater, he would have brushed it off like salt from french fries. (*See* Doc. 32, p. 9). As the Government notes, this argument is a reach and is not sufficient to prove that Sgt. Menke was mistaken about the presence of cannabis on Toney's sweater.

Regarding Toney's arguments that state law enforcement was not operating in a federal capacity, the Seventh Circuit has stated that "federal standards control the admissibility of evidence in a federal prosecution even though the evidence was seized by state officials and would not be admissible in state court." *United States v. Singer*, 943 F.2d 758, 761 (7th Cir. 1991) (citing *United States v. D'Antoni*, 874 F.2d 1214, 1218 (7th Cir. 1989)); *Mealy*, 851 F.2d at 907). Moreover, "the proper standard for federal application provides that evidence seized by state law enforcement officers is admissible in a federal criminal proceeding if it is obtained in a manner consistent with the protections afforded by the United States Constitution and federal law." *Singer*, 943 F.2d at 761 (citing *Mealy*, 851 F.2d at 907). Thus, regardless of whether or not Sgt. Menke had probable cause under Illinois law, he clearly did under federal law. Moreover, because marijuana is required to be stored in an odor-proof container, the facts that (1) Sgt. Menke smelled burnt cannabis, (2) saw a leafy substance on Toney's sweater, and (3) Toney himself admitted that he may have marijuana in the car conclusively indicate that Sgt. Menke had sufficient probable cause to search Toney's vehicle under the automobile exception, both under Illinois state law and under federal law.

Therefore, Toney's attempts to cast doubt on whether or not Sgt. Menke had probable cause to search his vehicle fail and his Motion to Suppress must be denied.

### CONCLUSION

For the foregoing reasons, Defendant Cermen L. Toney's Motion to Suppress Evidence (Doc. 32) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   February 6, 2024**

_**s/ Stephen P. McGlynn**_
**STEPHEN P. McGLYNN**
**U.S. District Judge**
